(57 N. W. Rep. 241.)

---

MORTGAGE BANK & INVESTMENT CO. *vs.* E. G. HANSON, *et al.*

Opinion filed January 3rd, 1894.

**Lien Upon Realty—Clause in Chattel Mortgage Construed.**

> A. executed to B. a chattel mortgage upon the crop to be grown during three specified years on certain described real estate, partly owned, and partly leased, by the mortgagor. The granting clause was of "all that personal property described as follows," etc. Following the description was the following covenant: "It is especially covenanted and agreed that this mortgage is a lien upon said land and the use thereof during said time." The *habendum* covered only the "personal property aforesaid," and all the provisions relating to the power of sale and the sale were confined to personal property. *Held*, that the instrument did not constitute a mortgage on real estate.

Appeal from District Court, Towner County; *Morgan*, J.

Action by the Mortgage Bank & Investment Company against Edward G. Hanson and others to foreclose a mortgage. From an order overruling his demurrer to the complaint, defendant Hanson appeals.

Reversed.

*H. C. Meacham* and *James F. O'Brien*, for appellant.
*A. S. Drake*, for respondent.

BARTHOLOMEW, C. J. The single question in this case arises upon the construction of a written instrument, which is in the

following words and figures: "Know all men by these presents, that this mortgage, made the 24th day of September, in the year one thousand eight hundred and eighty-nine, by John J. C. Brown, of Cando, County of Towner, Territory of Dakota, mortgagor, to Mortgage Bank & Investment Company, mortgagee, witnesseth: That the said mortgagor, being justly indebted to said mortgagee in the sum of two hundred sixty-seven and 56-100 ($267.56) dollars, which is hereby confessed and acknowledged, has, for the purpose of securing the payment of said debt, granted, bargained, sold and mortgaged, and by these presents does grant, bargain, sell and mortgage unto the said mortgagee and its assigns, all that certain personal property described as follows, to-wit: All crops, of every name, nature, and description, to be sown, grown, planted, cultivated, or harvested during the years, A. D. 1890, 1891, and 1892 on the following described real estate, owned or leased by the said mortgagor, to-wit: The northwest quarter and the northeast quarter of section number twelve, (12,) township number one hundred and fifty-seven, (157,) of range sixty-seven, (67,)—being first mortgage on the N. W. $\frac{1}{4}$, and second on the N. E. $\frac{1}{4}$, there being $252.95 ahead to Emil Bender, and $157.21 to McCormack H. Mch. Co., $95.75 subject to a prior mortgage to Mortgage Bank & Investment Company of $276.00, due October 1st, '89, and hereby renewed; also, my one-half interest in 50 acres on the N. $\frac{1}{2}$ N. E. $\frac{1}{4}$, and S. E. $\frac{1}{4}$ N. E. $\frac{1}{4}$, and N. E. $\frac{1}{4}$ S. E. $\frac{1}{4}$, being Bradish's land rented by me. And it is especially covenanted and agreed that this mortgage is a lien on said real estate and the use thereof during said time, and that any purchaser or lessee of said real estate, or any portion thereof, takes the same subject to this mortgage, and covenants and agrees to cultivate the same for the benefit of the mortgagee herein during said time, or until said debt hereby secured is paid. And, in case said crops are not properly sown, planted, cultivated, or harvested, the said mortgagee has the right to enter on said land, and do all that is necessary to properly put in and harvest such crops, reimburse himself for all labor and expense out of the proceeds thereof, the

portion remaining to be applied on the debt hereby secured. All the said property being now in the possession of said mortgagor in the County of Towner and territory aforesaid, and free from all incumbrance, except as above described. To have and to hold, all and singular, the personal property aforesaid, forever, as security for the payment of the note and obligation hereinafter described: provided, always, that these presents are upon this express condition: That if the said mortgagor shall pay, or cause to be paid, unto the said mortgagee, its executors, administrators, or assigns, the sum of two hundred sixty-seven and 56-100 dollars, according to the conditions of three certain promissory notes payable to the Mortgage Bank & Investment Company, viz: One for $50, dated Sept. 24th, '89, due Sept. 1st, 1890, with interest at 12 per cent. per annum until paid; and one for $16.50, dated September 24th, 1889, due Sept. 1st, 1890, with interest at 12 per cent.; one for $270, dated April 3d, 1889, due Oct. 1st, 1889, with interest at 12 per cent., $75 being paid on the last note this date,—and any subsequent note given as a renewal or extension, then these premises to be void and of no effect; but, if default shall be made in the payment of said sum of money, or the interest thereon, at the time the said notes shall become due, or if any attempt shall be made to dispose of or injure said property, or to remove said property from said County of Towner, or any part thereof, by the mortgagor or any other person, or if said mortgagor does not take proper care of said property, or if said mortgagee shall at any time deem itself insecure, then, thereupon, and thereafter it shall be lawful, and the said mortgagor hereby authorizes said mortgagee, its executors, administrators, or assigns, or its authorized agent, to take said property wherever the same be found, and hold or sell and dispose of the same, and all equity of redemption, at public auction, with notice as provided by law, and on such terms as said mortgagee or its agent may see fit; and said mortgagee may become the purchaser of said property at said sale, retaining such amount as shall pay the aforesaid note and interest thereon, and an attorney's fee of one hundred dollars,

($100,) and such other expenses as may have been incurred, returning the surplus, if any there may be, to the said mortgagor or its assigns; and the said mortgagor hereby waives demand and personal notice of the time and place of sale. And, as long as the conditions of this mortgage are fulfilled, the said mortgagor to remain in peaceful possession of said property, and in consideration thereof he agrees to keep said property in as good condition as it now is, and harvest the same at his own proper cost and expense, and to keep the said crops insured in the Phœnix Insurance Company of North Dakota to the extent of the mortgagee's interest; and on failure to so insure and keep the same insured, as aforesaid, the said mortgagee is hereby authorized to insure the same at the proper cost and expense of the mortgagor, or it may declare the whole amount secured thereby due and payable, and may foreclose the same in the manner and form hereinbefore provided."

This instrument was duly signed, witnessed, acknowledged, and recorded as a real estate mortgage, and also filed in the proper office as a chattel mortgage. The grantee named in said instrument brought an action in equity to foreclose, both upon realty and personalty. The makers of the notes and grantor in the mortgage were made defendants, and also one Edward G. Hanson. Hanson alone defends. As to him it is alleged in the complaint that he is a subsequent purchaser of a portion of said real estate, to-wit: the N. E. ¼ of section 12, from said Brown, and as against him a foreclosure is asked upon said land. He demurred to the complaint as not stating a cause of action against him, and, the same being overruled, he elected to stand thereon, and appeals to this court. If the instrument sued upon constitutes a mortgage upon said land for the payment of the debts therein described, then the action of the trial court must be affirmed; otherwise, reversed. We have quoted the exceedingly verbose instrument in full, as our interpretation must rest exclusively upon its wording. The language is unusual. The portion relied upon as converting the instrument into a mortgage on realty is as follows: "And it

is especially covenanted and agreed that this mortgage is a lien on said real estate, and the use thereof, during said time, and that any purchaser or lessee of said real estate, or any portion thereof, takes the same subject to this mortgage, and covenants and agrees to cultivate the same for the benefit of the mortgagee herein during said time, or until said debt hereby secured is paid." Title 3 of our Civil Code furnishes us a full guide to the interpretation of contracts. It is there said, (§ 3556, Comp. Laws:) "The whole of a contract is to be taken together so as to give effect to every portion if reasonably practicable, each part helping to interpret the others." Again, § 3563 reads: "However broad may be the terms of a contract it extends only to those things concerning which it appears that the parties intended to contract." Keeping these two principles in view, we have no difficulty in reaching a conclusion in this case. The granting clause in the instrument covers "all that certain personal property described as follows, to-wit:" and the property described consists of crops to be grown in 1890, 1891, and 1892 on certain lands in part owned, and in part leased, by the mortgagor. Then follows the covenant declaring said mortgage to be a lien "on said real estate, and the use thereof during said time." The purpose of that covenant is clear. It was simply an effort to hold the crops for the years specified in case of a change of possession of the land on which the crops were to be grown. It required the party who may subsequently purchase or lease the land to cultivate the same for the benefit of the mortgagee. An instrument which is a lien on land for a term of years is simply a lien on the use of the land for said time. The expression, "a lien on said real estate, and the use thereof, during said time," is tautological, but not more so than other portions of the instrument. If we say that it was the purpose to create a lien upon the land independent of the use, then we violate the granting clause, which covered "all that certain personal property," etc. We also convict the mortgagor of attempting to mortgage land which he held under lease. We do violence to every part of the instrument. The *habendum* says:

"To have and to hold, all and singular, the personal property aforesaid," etc.; and all the provisions relating to the power of sale, and the sale, and insurance are confined to personal property. The clause relied upon, when construed literally, may be broad enough to include land, but, when viewed in the light thrown upon it by the other provisions in the same instrument, it is clear that the parties intended to contract only concerning personal property; and hence, under the rule of construction prescribed by the legislature, the contract must be limited to that class of property, and is a chattel mortgage only, and appellant's demurrer was well taken.    The District Court will reverse its judgment, and sustain the demurrer.

Reversed.   All concur.